(129 So. 649)

**ANDERS et al. v. TREMONT LUMBER CO.**

No. 29918.

July 2, 1930.

Julius T. Long, of Shreveport, for appellants.

Theus, Grisham & Davis, of Monroe, for appellee.

BRUNOT, **J.**

This is a suit for damages. The sum claimed is $6,910. There was judgment for the plaintiffs for $750, with legal interest thereon from March 15, 1929, and they appealed.

Defendant has answered the appeal and prays that the judgment be avoided, or, in the alternative, that the amount of the judgment be reduced and that plaintiff be condemned to pay the cost of the appeal.

The questions presented are, viz.: Have plaintiffs been damaged? If so, the quantum to be allowed?

The several plaintiffs are co-owners in indivision of 563 acres of land in Jackson parish, La., which is described with particularity in the petition. They sold the merchantable pine and hardwood timber on the land to J. F. Meeks Lumber Company for a cash consideration. The deed contains the following stipulation:

"For the purpose of cutting and removing from the above described lands, or for removing timber purchased from lands of another adjoining or near the lands herein described, the party of the second part, his heirs or assigns shall have possession of said lands, and the right to cut, fell and remove said timber and also to construct and maintain his road, and skidways, over and through the same (except the cultivated lands) and to have free ingress and egress for his officers, agents and employees, and teams and vehicles into and upon and over the same for a period of six (6) years from this date, and which right of way is hereby especially given and granted as an inducement to the party of the second part to purchase the pine & hardwood timber on the herein described lands."

The J. F. Meeks Lumber Company assigned the timber, together with all of its rights and privileges on the land, to the Tremont Lumber Company, which company cut and removed the timber from the land within the time limit of six years from the date of the deed from the plaintiffs to defendant's vendor.

■■ The items of damage and amounts thereof, enumerated in the petition, are the following:

| | |
|---|---:|
| Timber cut from railroad right of way | $910.00 |
| Damage to land in building tram railroad | 4,500.00 |
| Damage to fence | 200.00 |
| Damage to timber by fire | 1,000.00 |
| Humiliation, grief and worry | 300.00 |
| | $6,910.00 |

The trial judge correctly held that the last-named item is not a legitimate and enforceable item of damage, and he therefore dismissed it. He found that roadways for the removal of the timber were granted, without consideration, and free from damage charges, to the vendee of the timber, and, as defendant's clearing of a right of way for its tram railroad, by which means it removed the timber, did not damage the plaintiffs to a greater extent than would have resulted from the clearing of log wagon roadways, he very properly disallowed this item of damage. He found that, after the timber had been removed and the rails of the tramroad taken up, the defendant left cuts and ditches along the railroad right of way which required filling to restore the land to its original condition. He found that, on one or more occasions, young timber had been destroyed by fire caused by sparks from defendant's locomotive or by the negligence of its employees. He found that, by the negligent cutting and felling of timber, defendant's employees had destroyed a part of the plaintiffs' fence, and, for their convenience, had removed other parts thereof. He found that a fill made by defendant along its tramroad right of way

caused water, after heavy rains, to stand on two or three acres of the plaintiffs' pasture land, and that defendant had not leveled this fill or removed its cross-ties from the tramroad right of way. For these several items of damage be awarded the plaintiffs the following sums:

Cost of filling cuts and ditches on
  roadway........................ $250.00
Damage to young timber by fire..... 300.00
Cost of replacing fence destroyed.... 100.00
Cost of leveling fill on tram roadway.. 50.00
Cost of removing cross-ties on tram.
  roadway........................ 50.00
                                  _____
  Total                          $750.00

There are in this record 253 pages of oral testimony, all of which relates to the quantum of damages. The learned trial judge has carefully reviewed all of the testimony and in his summary of the facts, he says:

"In endeavoring to fix the amount of each of the above named items of legitimate damage which appear to have been sustained by plaintiffs from the transaction complained of, the court is met with confusion and doubt arising from the radical conflict in the testimony of the witnesses of the respective sides of the case. All of these witnesses had gone over the land involved after defendant had finished its operations and shortly prior to testifying, and had first hand knowledge of what they were testifying about; and yet there is such a wide difference in their evaluations that the court hesitates to adopt the estimates of either side as the true gauge of the damage claimed, notwithstanding the apparent sound judgment and sense of fairness of most of these witnesses. Seven witnesses testified for plaintiffs and twelve testified for the defendant. Of the seven testifying for plaintiffs two of the number are joint plaintiffs, whose testimony may be supposed to some extent to be influenced by the interest they have in the outcome of the

suit; while of the twelve testifying for the defendant, five of the number have at some time in the past been in the employ of defendant company, and three of this five are now in the employ of defendant, and on that account may be supposed to favor defendant in their testimony. This leaves the plaintiffs' side of the case supported by five disinterested witnesses and the defendant's side by seven disinterested witnesses. If we should weigh the witnesses instead of the evidence, unquestionably the preponderance would be in favor of defendant, and probably that would be a safe thing to do, considering the fact that the personnel of defendant's witnesses may be said to rank as high as that of plaintiffs' witnesses. But the court will not decide the case solely upon the preponderance, preferring rather to yield to some extent to rules of common sense and reason rather than follow the partizan judgment of friends in whose favor they testify, and into whose testimony there may unconsciously have crept a slight element of prejudice against the other side. The court prefers to hold itself equally aloof from both sides, as is its sworn duty, and give credence only to such evidence as bears the imprint of dispassionate and unselfish truth, with due allowance for the element of guesswork that necessarily enters into, and is inseparable from, such computations of value."

The record conclusively shows, in fact, defendant, in effect, admits, that it has caused plaintiffs to suffer some damage for which it may be liable. On page 4 of defendant's brief counsel says:

"Defendant, feeling that the judgment is largely in excess of what it either morally or legally should pay plaintiffs, has answered the appeal, asking that the judgment be reduced to an amount not exceeding Three Hundred ($300.00) Dollars. This is more than defendant ought to pay, but in a compilation

to the District Court we fixed this amount at Three Hundred Twenty-seven ($327.00) Dollars, and will so fix it here."

A reading of the oral testimony discloses an irreconcilable conflict between the testimony given by the witnesses for the plaintiffs and that given by the witnesses for defendant, both as to the extent of the damage and the quantum to be allowed, with a seeming preponderance in favor of the contentions of defendant. With nothing to guide us but the inanimate record, such conflicting testimony presents a situation which calls for the application of the rule requiring that great weight be given to the findings of the trial judge regarding the value of the testimony and the facts established by it. The trial judge usually knows the witnesses personally, he has them under his observation while they are testifying, and, for the many other reasons enumerated in the reports, he is held to be especially competent to accurately resolve the facts of a case.

In our opinion the items and the quantum of damage allowed by the district judge are justified by the record, and we see no reason to amend the judgment. Plaintiffs have gained nothing by their appeal, and for that reason they should be taxed with the costs of the appeal. It is therefore decreed that the judgment appealed from be affirmed, at appellants' cost.