TATE, Judge.
Plaintiff landowner recovered damages for timber cut and removed from its land by defendant’s logging crew. Plaintiff was awarded as damages the gross' amount of $1149.22 received by defendant for plaintiff's timber, sawed and delivered by defendant.
Defendant admits that the timber cut was situated on plaintiff’s land, but urges that the trespass on plaintiff’s land was in good faith; therefore the recovery should be limited to the stumpage value of the timber cut — that is, the value of the timber in standing trees before it is cut and removed.
Our Supreme Court through Mr. Justice McCaleb comprehensively summarized the jurisprudence as follows in Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847 at page 851 (Italics and footnotes ours) :
“The measure of damages allowable for the unlawful cutting of timber is well settled in this State.
“[1] If the trespass has been reckless and willful, the trespasser is said to be guilty of moral bad faith and is liable for the converted value of the timber without allowance or deduction for costs and expenses. [1]
“[2] In cases where the trespasser believes himself to be owner but should have known otherwise, either from information available to him or other ascertainable facts which would have placed a reasonably prudent man on notice, he is held to be in legal bad faith and the actual expenses incurred by him in converting the timber are to be deducted in assessing the damages [from the award of the manufactured, or converted, value of the timber][2]
“[3] And in cases where the trespasser is in good faith, that is, where he believes that the timber belongs to him and there is no valid reason for him to suppose otherwise, he is liable only for its stumpage value.” [3]
*64 The District Court found the defendant to be in bad faith. Damages were awarded according to the prayer of plaintiff’s petition in the gross amount for which the timber was sold by defendant, without allowing as deduction the actual expenses incurred by defendant in cutting and delivering same — that is, the measure of the damages was that as against one who trespasses not only in legal bad faith, but in moral bad faith also. See Allen v. Frank Janes Co., 142 La. 1056, 78 So. 115.
We are unable to hold this determination manifestly erroneous. The un-contradicted evidence shows that a yellow survey line painted from tree to tree along the boundary marked the line between plaintiff’s property and the Morgan tract '(the timber upon which had allegedly been purchased by defendant); and that a disinterested third person had called the trespass to defendant’s agent’s attention soon after defendant had started cutting timber on the wrong tract, but defendant nevertheless continued to cut and remove the timber therefrom until discovered by plaintiff’s land agent several days later.
We do not find impressive defendant’s argument that the trespass was in good faith (or, at the most, legal — but not moral — bad faith), since it was cutting timber on plaintiff’s property in reliance upon Morgan’s (its timber-vendor’s) assurance that his property line was along a winding wire fence, tacked from tree to tree, and approximately 100 yards inside plaintiff’s property from the correct boundary line: in view of the facts previously mentioned, and of defendant’s failure to call Morgan to corroborate this self-serving testimony of defendant’s partners.
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.

. See for instance the Kennedy case itself, and Livaudais v. Williams Lumber Co., Inc., La.App. 1 Cir., 34 So.2d 292.

. See for instance: Blanchard v. Norman-Breaux Lumber Co., 220 La. 633, 57 So.2d 211; Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197.

. See for instance: Culpepper v. Weaver Brothers Lumber Corporation, 194 La. 897, 195 So. 349; Theisen v. Broom, La. App. 1 Cir., 86 So.2d 736.