CULPEPPER, Judge.
This is a suit for damages for trespass. Plaintiff alleges defendant trespassed on his property and cut and removed approximately 25 trees from which he made cross-ties. He seeks damages of $300 for the value of the trees cut plus $400 for diminution in value of his land, a total of $700. The trial judge awarded plaintiffs only $6 in damages. Plaintiff appealed.
The facts show that defendant had agreed to cut a small amount of timber from adjoining property belonging to Mrs. Pearl Wagnon, plaintiff’s aunt. Defendant cut the Wagnon timber and paid her $100. He admits he also cut 12 trees from the adjacent land owned by plaintiff.
The testimony is very much in conflict. Plaintiff and his witnesses testified, more than 12 trees were cut and many others were damaged. They describe plaintiff’s 3-acre tract as being high “hammock” land, except for a small low portion in the back. They say it is within 400 or 500 feet of the highway and the large trees gave it a value for homesites. Furthermore, plaintiff’s witnesses testified the lines are clearly marked. Mrs. Wagnon says she expressly told defendant to be careful about getting over the line onto her nephew’s property.
On the other hand, defendant and his witnesses testified the land is low, swampy, covered with heavy underbrush and is only *198 a few steps from Palmetto Creek, which is badly polluted by refuse from a paper mill. These witnesses testified the lines are not marked. Defendant says he stepped off what he thought was the 3-acre tract owned by plaintiff, but he simply made a mistake and his crews cut 12 trees from plaintiff’s land.
The trial judge did not give written reasons. However, he obviously concluded that only 12 trees were cut from which 24 crossties were produced with a net profit to defendant of 25^ each, or a total of $6 profit. This is apparently the basis of the award. The judge denied plaintiff’s claim for dimunition in value of the land for homesites, apparently concluding the property had no value for this purpose, or that the cutting of only 12 trees did not affect such value.
The applicable law is well settled. In Coastal Transmission Corporation v. Lejeune, 148 So.2d 111 (La.App. 3rd Cir. 1962), we held:
“The measure of damages for the unlawful cutting of timber is well settled by our jurisprudence. As summarized by Justice McCaleb in Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847:
“(1) If the trespass has been reckless and willful, the trespasser is said to be guilty of moral bad faith and is liable for the manufactured value of the timber, without deduction for costs and expenses of manufacture.” (citations omitted) “(This was the basis on which the present trial court made its award.)”
“(2) In cases where the trespasser believes himself to be owner, but should have known otherwise, either from information available to him or other ascertainable facts which would have placed a reasonably prudent man on notice, he is held to be in legal bad faith; in that case, the expenses of manufacture are deducted from the award to the landowner of the manufactured value of the timber.” (citations omitted)
“(3) In cases where the trespasser is in good faith, that is, where he believes that the timber belongs to him and there is no valid reason for him to suppose otherwise, he is liable only for its stump-age value.” (citations omitted)
Applying these rules, we find defendant was in “legal bad faith.” He actually believed he was cutting timber which he had purchased from Mrs. Wagnon. However, the only precaution he took to establish the property line was to “step off” the 3 acres owned by plaintiff. He could have ascertained the line by a proper survey. Therefore, the measure of damages to which plaintiff is entitled is the manufactured value of the crossties less the costs and expense of manufacture.
After carefully searching the record, we find no evidence of the manufactured value of the crossties or the costs of manufacture. The only testimony in this regard is that of the defendant who stated that his profit was 25^ per tie. In the absence of proper proof to support a larger award, we will affirm that made by the district judge.
Furthermore, we find the record amply supports the conclusion of the trial judge that plaintiff did not prove any diminution in value of the property as a whole. This is the only other item of damages alleged.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.