CUTRER, Judge.
This appeal arises out of a trial court judgment awarding plaintiff damages caused by the illegal cutting of timber on land possessed by the plaintiff.
Roy Bridges filed suit against J.K. Martin Pulpwood Company, Inc. (Martin) and Glyn Simons alleging that defendants had cut a fence and illegally removed timber from a portion of lands possessed by him located near Marthaville, Louisiana. Plaintiff alleged that he was in possession of two 40 acre tracts described as the SE!4 of NE!4 and the NWW of NEVi, Section 16, T9N, R10W. The land in question borders on land owned by the Natchitoches Parish School Board which had sold its timber to Jimmy Weeks. Weeks, in turn, had sold the timber to Martin. While cutting timber on the school board property, Martin, through its contractor, Glyn Simons, allegedly cut plaintiff’s fence and removed timber from land possessed by plaintiff.
After trial on the merits, the trial court rendered judgment awarding plaintiff the sum of $2,916.15. Defendants appealed. We affirm.
The sole issue presented is as follows:
Must one instituting a possessory action prove with certainty the location of the property claimed to be possessed.
This cause of action in trespass is authorized by LSA-R.S. 56:1478.1 which provides as follows:

“A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.

“B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed.

“C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed, except however, that the provisions of this section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and that no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.” (Emphasis added.)
The proof requirements of this statute were discussed in the case of Garrett v. Martin Timber Co., Inc., 391 So.2d 928, 931 (La.App. 2nd Cir.1980), writ den., 397 So.2d 804 (La.1981), as follows:

*654
“While the action for trespass is a separate cause of action not addressed by the Code of Civil Procedure, when it is predicated on possession, as it is here, it is very similar to the possessory action. It has long been established that one in legal possession of land is entitled to bring a suit for damages against one who disturbs his possession. See Gillan v. Jones, 157 So.2d 598 (La.App. 2d Cir.1963) writ denied 159 So.2d 284 ([La.] 1964), and cases cited therein. In such an action the plaintiff need only prove that he was in legal possession of the land at issue; that his possession was disturbed by the defendant, and that he brought suit within one year of the disturbance. ”

We turn to the facts to determine whether the trial court was correct in its determination that defendants had committed a trespass upon the property possessed by plaintiff.
Plaintiff testified that the two 40 acre tracts had been originally owned and farmed by his maternal grandfather, C.C. McCartney. Plaintiff purchased the interest in this property from his mother, Vorice McCartney Bridges, and the other C.C. McCartney heirs. The last of these purchases occurred in 1973. Plaintiff testified that the property was under fence when he purchased it and had so remained until the time of the removal of the timber by Martin. It was stipulated that if Vorice McCartney Bridges, plaintiff’s mother, and Bessie McCartney Lang, plaintiff’s aunt, were called to testify they would state that they were reared on the property in question. They stated that the property was under fence when they were young girls and the property was being farmed. They stated that they had kept in touch with the property and that it had remained under fence until they sold their interest to plaintiff in the 1970’s. It was also stipulated that if Jim Lauw, a neighbor, was called to testify, he would state that he had lived in the neighborhood all his life and was familiar with the property. He knew the property remained under fence until the defendants cut the fence and removed the timber in question.
It was also stipulated that, if called, Denise Birdwell, a native of the area who was acquainted with plaintiff’s property, would have testified that he went to the property when he learned that timber cutting was taking place in the area, and found that defendants had cut the fence of plaintiff’s and were cutting timber from plaintiff’s property.
Plaintiff testified that when he first learned of the cutting of timber on his property, he contacted Weeks about the damage. As a result, Don Price, forester for Martin, and Benny Martin, who was associated with defendant Martin, met with plaintiff at the site of the cutting. Plaintiff stated that Martin and Price acknowledged that they had cut the plaintiff’s fence and timber. They offered to rebuild the fence and pay $1,000.00 for the timber. Plaintiff refused the offer for timber cut as he felt it was inadequate.
Don Price, the forester for Martin, testified that he and Benny Martin had met plaintiff at the site of the cutting and offered to pay the plaintiff $1,000.00 for the timber cut and to rebuild the fence.
Plaintiff testified that the area where the cutting took place was in the southeast corner of one of the 40 acre plots that he owned (SEVi of NEVi). The plaintiff testified from a sketch that reflected the four 40 acre tracts in this township that were owned by the schoolboard and the two 40 acre tracts owned by plaintiff. Two of the 40 acre tracts owned by the school board bordered the SEVi of NEV4 on the south and west sides. The plaintiff’s ownership of those 40 acre tracts is not disputed. The defendant’s objection was that the introduction of the sketch and testimony concerning same may enlarge the pleadings as it was not shown that the fence line, which was cut, was located upon the boundary of the plaintiff’s SEV1 of NEVi. The trial court correctly overruled the objection. The pleadings were not enlarged as the evidence preponderates that the fence line was generally located along the south and west lines of the southeast corner of this 40 acre plot.
*655 We come to this conclusion after considering the testimony of not only the plaintiff and his witnesses, but the testimony of Don Price, the supervisor of the cutting for Martin. He stated that prior to the beginning of the cutting he located the southeast corner of plaintiff’s 40 acre tract that is in question. From that point, he ran a line to the west for one-quarter mile (the measurement for a square 40 acre tract). An old fence was located along this line. He stated that the fence then extended north for about 225 feet and then the fence meandered in a northeasterly direction. He stated that the east-west line he had flagged was the south line of the plaintiff’s property or the north line of the adjacent school board property. Price further stated that the fence was cut along this east-west line and the timber was cut across this fence line on property claimed by plaintiff.
We conclude that the evidence is sufficient to establish plaintiff’s legal possession of the area where this fence was cut and from which the timber was removed. The plaintiff has fully met his burden of proof that, is required by LSA-R.S. 56:1478.1 as interpreted by Garrett v. Martin Lumber Company, Inc., supra.
The trial judge correctly held that plaintiff had been disturbed in his possession of the subject property and was entitled to damages. Since the amount of damages is not at issue on appeal, the judgment of the trial court will be affirmed.
For these reasons, the judgment of the trial court is affirmed. The defendants-appellants are to pay costs of this appeal.
AFFIRMED.