ALFORD, Judge.
This is an appeal from a judgment of the Twenty-Second Judicial District Court, Parish of St. Tammany, recognizing appellees’ possession of a certain parcel of immovable property located in said parish. Additionally, appellant was cast in judgment for $4,284.27 for cutting trees on the land possessed by appellees. In answer to the appeal, appellees seek to have this Court triple the damage award pursuant to LSA R.S. 56:1478.1.
Appellees brought this possessory action alleging that appellant had disturbed their possession of the disputed land by cutting trees on a bluff adjacent to the West Pearl River. Additionally, appellees alleged that appellant widened a trail leading to the bluff so as to facilitate the removal of the cut timber. Appellant reconvened against appellees alleging his possession of the disputed bluff and further alleging that appel-lees disturbed his possession when they brought injunction proceedings against him on December 4, 1980. After trial on the merits, the trial judge maintained appellees’ possession and dismissed appellant’s recon-ventional demands.
In his first specification of error, appellant maintains that the trial judge erred in treating the case as a petitory action, rather than as a possessory action, as evidenced by the reference to title documents in his written reasons for judgment. We disagree. LSA C.C.P. art. 3661, provides:
“In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.
No evidence of ownership or title to the immovable property or real right therein shall be admitted except to prove:
(1) The possession thereof by a party as owner;
*783 (2) The extent of the possession thereof by a party; or
(3) The length of time in which a party and his ancestors in title have had possession thereof.”
It is apparent to this Court that the trial judge’s admittance of evidence as to title, as well as his reference to the evidence, was in conformity with the provisions of LSA C.C.P. art. 3661.
Appellant additionally complains of the trial court’s factual determination that the West Pearl River, and not an old surveyor’s traverse line, marks the extent of appellees’ possession. As often noted in the jurisprudence, factual determinations of the trial court are afforded much weight, and are not to be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no manifest error in this factual finding.
Appellant further maintains that the evidence presented clearly demonstrates that appellees failed to meet their burden of proving possession. Not only do we disagree with this argument, but we further adopt as our own, that portion of the trial judge’s excellent reasons for judgment which disposes of this issue.
“The testimony and all of the evidence indicates that Dr. Felix A. Planche, now deceased father of the plaintiffs, acquired Headright 39 on December '4, 1941, and possessed all the way to the west bank of West Pearl River as owner, C.E. Lane and Jimmy Crisco bought a camp that was situated on the bluff that makes up the disputed area around 1940, and utilized the camp until it burned in 1949 or 1950. During the time the camp existed, Mr. Lane and Mr. Crisco rented the camp site from Dr. Planche. Dr. Planche also used the area in dispute for family recreational purposes, and often took his family to the area to swim, boat and picnic.
In 1963, plaintiffs, along with their mother sold the timber on Headright 39, and in 1974 the plaintiffs again sold the timber situation in Headright 39.
In 1978, plaintiffs appointed William M. Magee to oversee the property, and he also possessed the area in dispute for the plaintiffs, by swimming, fishing, hunting, boating, and picnicing along the bluff area that is in dispute. Mr. Magee owned adjoining property, and from 1978 through the time of Ursin’s disturbance, Mr. Magee knew of no one that questioned the ownership or possession of the plaintiffs to the area in dispute. Dr. Planche and his descendants have paid taxes on the property comprising Head-right 39 since Dr. Planche took possession in 1941. Headright 39 has been used principally by the Planche family for growing timber and for recreational purposes. Although the record is not clear as to whether or not timber was actually cut from the disputed area in 1963 or 1974, the renting of the bluff area for a camp site and the camps occupancy by Crisco and Lane constituted actual corporeal possession that inured to the benefit of Dr. Planche and his descendants. With the type land involved and the circumstances of this case, the Court is also convinced that there has been a continuation of corporeal possession of the disputed area by the Planche family until the defendant’s disturbance on November 30, 1980. The Planche family has used the property for recreational purposes, and placed the area under the auspices of William Magee for him to use and enjoy, as well as keep away trespassers.”
As noted above, appellees have answered this appeal seeking to have this Court triple the damage award pursuant to LSA R.S. 56:1478.1. Appellees maintain that the evidence clearly shows appellant’s bad faith in clearing the disputed bluff of timber and vegetation. We disagree. The pertinent provisions of LSA R.S. 56:1478.1 provide:
“A. It shall be unlawful for any person to cut, fell destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
*784 B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed.”
It is the opinion of this Court that appellant did not in fact act in bad faith in that he believed he had a right to the disputed area.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED.