471 So.2d 1165 (1985)
Edith P. DOWDEN, Plaintiff-Appellant,
v.
SECURITY INSURANCE COMPANY, et al., Defendants-Appellees.
No. 84-584.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1166 Charles W. Seaman, Natchitoches, for plaintiff-appellant.
Watson, Murchison, Crews, Arthur & Corkern, Steven D. Crews, Natchitoches, for defendants-appellees.
Before GUIDRY, KNOLL and KING, JJ.
GUIDRY, Judge.
Plaintiff, Edith P. Dowden, brought this suit for property damages allegedly sustained against J.C. LaCaze and his insurer, Security Insurance Company. The sole issue on appeal concerns the quantum of damages assessed by the trial court.
The facts of this case were summarized by the trial judge in his written reasons for judgment as follows:
"The plaintiff in this matter, Edith P. Dowden, owns property adjoining that of the defendant, J.C. LaCaze, which property is located in section 55, Township 8 North, Range 8 West, Natchitoches Parish, Louisiana. In September of 1982, Mr. LaCaze constructed a dam in order to create a pond on his own property which adjoined that of Mrs. Dowden. Due to an engineering error the water level control structures were improperly placed. As a result water was not only held in the area intended, that is on the defendant's property, but spread onto plaintiff's property covering an area of approximately 3 acres and killing all of the timber on that area."
Trial on the merits was held on January 10, 1984.
Two qualified experts in the field of forestry testified on plaintiff's behalf. It was their uncontradicted testimony that the total value of the timber at the time of the damages was $2,507.50. Additionally, they estimated the cost to replant the three acre tract at $225.00.
By judgment dated February 17, 1984, the trial judge found in favor of plaintiff in the amount of $2,732.51. Plaintiff appealed and seeks an increase in the damages awarded. On appeal, plaintiff urges error in the following particulars:
(1) The trial court should have assessed the damages according to La.R.S. 56:1478.1; or, alternatively,
(2) The trial court should have awarded damages for the "matured value" of the timber as opposed to the stumpage value of the timber at the time of damage.
La.R.S. 56:1478.1
Plaintiff contends that defendants should be liable for three times the fair market value of the trees destroyed, pursuant to La.R.S. 56:1478.1, which provides:
"A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed, plus reasonable attorney's fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed, except however, that the provisions of this section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and that no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.
D. The provisions of this section shall not apply to the clearing and maintenance of rights of way or to utility service situations where a utility is acting in good faith to minimize the damage or harm occasioned by an act of God; the provisions of this Act shall not apply to land surveying by or under the direction of a registered professional land surveyor, *1167 duly registered under the laws of the state of Louisiana.
E. Whoever violates the provisions of Subsection A as they relate to the cutting of standing cypress trees on water bottoms owned by the state of Louisiana shall, in addition to the penalties otherwise provided in this Section, be subject to a fine not to exceed $5,000, imprisonment not to exceed six months, or both."
We disagree with plaintiff's contention that this is a proper case for application of the triple damages rule provided for by this statute. The statute deals with the cutting or destruction of trees without the owner or legal possessor's consent. It clearly does not encompass acts of simple negligence or the strict liability imposed on an adjoining landowner under La.C.C. Art. 667, as was involved in the instant case. Garrett v. Martin Timber Co., 391 So.2d 928 (La.App. 2nd Cir.1980), writ denied, 397 So.2d 804 (La.1981); Smith v. Myrick, 412 So.2d 677 (La.App. 2nd Cir.1982).
In Morgan v. Fuller, 441 So.2d 290 (La. App. 2nd Cir.1983), writ denied, 443 So.2d 596 and 443 So.2d 599 (La.1983), the court examined the applicability of La.R.S. 56:1478.1 and stated, "The statute viewed in its entirety appears to manifest an intent by the legislature to impose a severe penalty upon those who flagrantly disregard the property rights of timber owners."
La.R.S. 56:1478.1 was also at issue in the case of Shaffett v. Vicks, 385 So.2d 419 (La.App. 1st Cir.1980), wherein the court discussed the applicability of the statute as follows:
"We believe that LSA-R.S. 56:1478.1(A)-(C) means, for our purposes, that damages are assessed against a person who cuts and removes timber from another person's land without the owner's permission. The penalty of damages is levied in all such situations. The amount of the penalty depends on the circumstances of the particular timber-cutting. If the timber-cutter "wilfully and intentionally" cuts and removes the timber, he is liable for damages in "the amount of three times the fair market value" of the timber. If the timber-cutter "in good faith" cuts and removes timber "across ownership lines, marked boundary lines, or outside of designated cutting area lines," he is liable for damages for "three times the fair market value" of the timber. If the timber-cutter "in good faith" cuts and removes timber across a property line which is not visibly designated as a demarcation line between two adjacent properties, he is only liable for the fair market value of the timber. He is not liable for triple damages. It should be kept in mind that as a punitive measure, this statute must be strictly construed; it is only when a person clearly violates its provisions that he will be assessed the severe penalty of triple damages."
There was no flagrant disregard for plaintiff's property rights in the instant case. The damages to her timber land resulted from the negligent construction of a dam on defendant's property and/or by reason of the strict liability imposed on defendant through application of La.C.C. Art. 667. There was no willful intention on the defendant's part to destroy plaintiff's timber. We therefore hold that the trial court correctly refused to apply La.R.S. 56:1478.1 since such statute is designed to compensate a victim only when one clearly violates its provisions. We, like the trial court, find no clear violation by the defendant, LaCaze, of the provisions of La.R.S. 56:1478.1.

MATURED VALUE
Plaintiff's alternative contention is that the amount of damages should have been computed on the basis of the timber's matured value, i.e., the value of the timber at the time when it would be ready to be cut. Plaintiff's expert, Billy Dark, testified that had the trees not been destroyed, they would have matured and been cut within ten years of the date of damage. Mr. Dark calculated that the timber in a matured state would have brought $6,490.20 on today's market.
In support of her position, plaintiff relies on the case of Aultman v. Rinicker, 416 *1168 So.2d 641 (La.App. 2nd Cir.1982). In Aultman, the court held:
"Generally, the amount of damages which should be awarded for the loss of a growing crop is the average yield and market value of crops of the same kind, planted and cared for in the same manner and in the same area, less the cost of cultivating, harvesting, and marketing the crop. The market value of such a crop is the price which the crop would have brought in a matured state at a sale in that community."
The "crop" in the Aultman case consisted of 12,000 tomato plants. The holding in Aultman is therefore limited to similar "growing crops." Timber, which takes anywhere from twenty to fifty years to mature, is not a "growing crop" within the intendment of the damages rule espoused in Aultman. We therefore find the holding in Aultman inapplicable to the instant case.
Our research of this matter has failed to reveal a single case where damages to timber lands were awarded at the matured value of the timber. In fact, numerous cases have specifically denied such damages. Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197 (1952); Estate of Boyett v. L.L. Brewton Lumber Co., 223 So.2d 495 (La.App. 2nd Cir.1969).
The trial court awarded damages based on the stumpage value of the destroyed timber as of the date of the destruction plus $225.00 to replant the timber. This decision was based on our decision in the case of Knoll v. Delta Development Company, 218 So.2d 109 (La.App. 3rd Cir.1969), writ refused, 253 La. 880, 220 So.2d 460 (1969). Knoll involved an action for damages for illegal trespass. We held therein that, "when the trespasser is in good faith, that is, when he believes that the timber belongs to him and there is no valid reason for him to suppose otherwise, he is liable only for its stumpage value." La.R.S. 56:1478.1(C) now dictates the amount of damages owed by a good faith trespasser who cuts, fells, destroys or removes the trees of another. Although Knoll involved an action in trespass, it supports a finding that damages for timber which has been destroyed through simple negligence or as a result of good faith constructions on adjoining land should not exceed damages formerly allowed against a good faith trespasser.
It is well settled that when property is damaged by the legal fault of another, the objective in awarding damages is to restore the property as nearly as possible to the state it was in immediately preceding the damage. Romero v. Town of Welsh, 370 So.2d 1286 (La.App. 3rd Cir.1979).
In Williams v. Pelican Natural Gas Co., 187 La. 462, 175 So. 28 (1937), plaintiff sued for damages to her timber land occasioned by defendant's negligence in allowing polluted water to flow from its property onto plaintiff's. The Supreme Court affirmed the trial court's award of $250.00 for the amount of timber actually destroyed by the polluted water. There was no mention of future income loss or matured value of the timber in the assessment of the damages.
For the above and foregoing reasons, we find no abuse of discretion in the trial judge's assessment of damages. The judgment of the lower court is affirmed, with all costs of this appeal to be borne by plaintiff-appellant.
AFFIRMED.