533 So.2d 1326 (1988)
Jared Jake FIRMATURE, Plaintiff-Appellant,
v.
Albert TOMMASI, Jr., et al., Defendants-Appellees.
No. 87-874.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
Rehearing Denied December 22, 1988.
P. Michael Maneille, Lake Charles, for plaintiff-appellant.
Larry A. Roach, Lake Charles, for defendants-appellees.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
A judgment by default was confirmed against Albert Tommasi, Jr., because his attorney neglected to file an answer or other responsive pleadings to the lawsuit. The issue before us is whether this alone is sufficient to support an action of nullity under La.C.C.P. art. 2004. In conformity with established jurisprudence, we hold that it is not.
Jared Jake Firmature filed a suit against Tommasi on October 19, 1983, for personal injuries resulting from a tort. There was legal service of process on October 23, *1327 1983. Tommasi delivered the petition to his attorney, Michael Mooney, who assured him that he would take care of the matter. Mooney did nothing. Seven months later a preliminary default was entered, followed by confirmation of default on June 22, 1984. At the confirmation of default Firmature and a witness testified that on September 16, 1983, Tommasi attacked Firmature and scratched his right eye. This resulted in blurred vision, pain, and inability to work for three months. Medical records corroborated this testimony reflecting a right corneal abrasion, an emergency hospital visit, several follow-up visits to doctors, medical expenses, pain medication, vision problems, and a period of disability. The trial judge, finding that the infliction of the injury was intentional, or at least negligent, and that a prima facie case as to both liability and damages was proved, rendered judgment for medical expenses, loss of wages, and personal injuries in the total amount of $17,386.15. Tommasi was served with notice of judgment on July 3, 1984.
Tommasi then engaged the services of another attorney, and on October 30, 1984, an action of nullity was filed on his behalf to declare the default judgment null.
At the trial of the action of nullity, which was conducted before the same trial judge who had presided at the confirmation of default, the evidence included a deposition of Michael Mooney, Tommasi's first attorney. Mooney frankly admitted he was hired by Tommasi to defend the suit, that he told Tommasi he would take care of it, and that he did not do it. The testimony at the action of nullity showed that there was never any contact between the litigants or their attorneys before or after the suit was filed.
During the trial of the action of nullity, the trial judge repeatedly expressed his personal opinion that a defendant against whom a default judgment was taken because his attorney neglected to file an answer to the suit, should be allowed his day in court. The trial judge made the comments: "I really can't see, and if Mr. Firmature has not collected anything, where his position would be that jeopardized," and, "I really don't know what harm will come if we grant a trial and hear both sides." Although recognizing in his comments from the bench following the trial on the action of nullity that Firmature's attorney was "one of the few in this whole instance [who tried to do the right thing]", the trial judge nevertheless declared the default judgment a nullity.
On this appeal Firmature argues that the only basis for Tommasi's attack against the default judgment is the claim that it would be inequitable or unconscionable to enforce it. Firmature argues that this subjective basis is by itself insufficient; that to support such an action for vice of substance under La.C.C.P. art. 2004, Tommasi also had to show that the default judgment was obtained by fraud or ill practices. Firmature then argues that there was no showing at the trial of the action of nullity that he or his attorney had engaged in any fraud or ill practice in obtaining the judgment, and that therefore the trial court's declaration of nullity should be reversed, and the default judgment against Tommasi reinstated.
We agree. La.C.C.P. art. 2004 declares that a final judgment obtained by fraud or ill practices may be annulled. In Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), the Supreme Court explained that "fraud or ill practice" is language sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party case in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. In Kem Search, the parties were in communication after suit was filed and additional time was extended to defendant for settlement negotiations before answer was required. When settlement negotiations broke down, plaintiff took a default judgment. The supreme court found that the circumstances were such that the defendant was acting under the reasonable impression that he would be given notice before default judgment, and since he had not received notice, the actions *1328 of plaintiff's attorney, though innocent, were misleading, and the default judgment was annulled.
In Johnson v. Welsh, 334 So.2d 395 (La. 1976), the defendant sought to set aside a default judgment because he was prevented from contesting the matter due to the failure of his attorney to respond to the petition or make any appearance on his behalf. The Supreme Court affirmed, holding that such failure does not constitute a ground upon which a judgment of default may be set aside. Absent an agreement, express or implied, by the plaintiff's attorney to first notify the defendant's attorney, confirming a default without prior notice to opposing counsel is not an ill practice. Allstate Insurance Co. v. Toups, 486 So.2d 304 (La.App. 3rd Cir.1986), writ denied 489 So.2d 917 (La.1986).
There was no improper practice or procedure committed by plaintiff's counsel in the present case. There was no communication at all between counsel, and therefore nothing on which the defendant or his counsel could have reasonably relied as extending the courtesy of notice before taking a default judgment. Taking a default judgment by itself is not an ill practice. La.C.C.P. arts. 1701, 1702. The fraud or ill practice referred to in Article 2004 cannot mean an ill practice committed by the defendant or his attorney. Since the trial judge in the present case found as a fact that neither the plaintiff nor his attorney did anything wrong, there was no basis on which the annulment could be declared. If the trial court's decision is based on its erroneous interpretation or application of law rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference. Kem Search, Inc. v. Sheffield, supra. The default judgment was not obtained by fraud or ill practices, and therefore was not subject to being annulled.
Defendant-appellee Tommasi contends that the testimony of Firmature regarding the amount of wages he lost due to his injury constitutes fraud or ill practice. Although this contention was not raised in the district court, and is raised for the first time in the brief, we will address it. Tommasi argues in support of this contention that Firmature was not employed at the time of the injury, his last employment having been during the month of August 1983.
The accident happened on September 16, 1983. An affidavit executed by Firmature in connection with his application to proceed in forma pauperis in the tort suit, contains the notation that his last employment was for four weeks in August 1983. Although there was no testimony at the confirmation of default that Firmature had worked during the first two weeks of September, there was likewise no testimony that he was not about to resume employment when the accident happened, and surely the speculative possibility that he would not have been able to obtain employment, or did not have employment, is not sufficient to stamp his testimony or his attorney's questioning that produced that testimony with fraud or ill practice. The Louisiana Supreme Court in Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971), held that loss of earnings may be proven by "plaintiff's own reasonable testimony, if accepted as truthful." The First Circuit in State v. Beauchamp, 473 So.2d 323 (La.App. 1st Cir. 1985), writ denied 477 So.2d 1125 (La.1985), found that a party seeking an annulment must show how he was prevented from asserting any defenses that may have been available to him in the original suit. In the original suit, Firmature demanded recovery for loss of income. Tommasi has not shown how he was prevented from asserting a defense to this demand in the original suit.
For the reasons assigned, the judgment of the trial court dated May 29, 1987, in the action of nullity, is reversed and set aside. The judgment of the trial court on confirmation of default dated June 22, 1984, is reinstated. All costs in this court and below are assessed to Albert Tommasi, Jr.
JUDGMENT OF MAY 29, 1987, REVERSED AND SET ASIDE; JUDGMENT OF JUNE 22, 1984, REINSTATED.