DOUCET,. Judge.
In this action a default judgment was taken against Calhoun Property Management, Inc., (CPM), when it failed to answer the petition. Judgment was rendered in favor of the plaintiff, Odie Mae Thomas, individually and as tutrix of Chabliss Thomas, in the amount of $126,950.90. The defendant timely filed a motion for a new trial, which was denied. This appeai is from the denial of that motion for a new trial. We reverse, set aside the judgment of default, and order a new trial.
Chabliss Thomas, the minor child of the appellant, was injured when a defective playground swing broke sending her to the ground and causing her to land on her leg. As a result Chabliss suffered a fracture of the femur. The swing was located at the Lakeway Apartments which is where the appellant and her minor child resided. .
The plaintiff sued CPM, as her lessor. The actual owner, and lessor, of the property was Lakeway Apartments. CPM was only a property management concern acting as agent for Lakeway Apartments. These two parties were identified and their capacities clearly revealed on the written lease which plaintiff signed.
CPM did not answer the petition and a default judgment was confirmed against it. To obtain a default judgment, a plaintiff must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable he would prevail on a trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001 (La.1989).
One of the elements in plaintiffs case was the establishment of a lease relationship between her and the defendant. This was done by oral testimony. Odie Mae Thomas testified that she leased the apartment from CPM.
Although oral testimony is sufficient to establish the existence of a lease, in this *1174 case that testimony was in error as to the identity of the lessor. As clearly shown, and even acknowledged by plaintiffs counsel at the hearing on the motion for a new trial, the lease itself reveals that the defendant was but the agent of the owner and lessor. Lakeway Apartments owned the property; Calhoun Property Management was the agent for the management of the property and acted in that capacity in the confection of the written lease.
In the case of Pickett v. Marchand, 544 So.2d 683 (La.App. 3d Cir.1989), at p. 686, we said:
“The recent decision of our supreme court in Thibodeaux v. Burton, 538 So.2d 1001 (La.1989), reversing the denial of a new trial following a default judgment, tells us that we must be ‘especially careful’ and ‘particularly cautious’ when reviewing denials of a new trial in cases of default judgments. The court explained that this is necessary due to the general policy consideration, weighing in the defendants’ favor, that every litigant should be allowed his day in court. We interpret this case to mean not only a reaffirmation of an appellate court’s duty to review new trial applications from default judgments with special care and particular caution, weighing the circumstances in the defendant’s favor, but also it imposes the same standard upon the trial judge hearing the application for a new trial, and to that extent it imposes a limitation upon the trial court’s discretion.”
It is well established that a default judgment will be set aside if it was obtained by “fraud or ill practices.” Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). “Fraud or ill practice” is language sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Firmature v. Tommasi, 533 So.2d 1326 (La.App. 3d Cir.1988).
In the present case the witnesses gave the -trial court information which was incorrect, i.e., the identity of the lessor. Based on that incorrect information, the trial judge rendered a judgment against a party who was not the lessor. Had the trial judge been apprised of the correct facts, the judgment could not have been rendered against the defendant. Introduction of a written lease into the evidence in the case would have solved the problem. The plaintiff had access to the written lease. The plaintiff also had access to other sources for obtaining the correct identity of the lessor. Failure to investigate and obtain the identity of the lessor was an omission which led to the filing of suit against the wrong party. The definition of “ill practice” is sufficiently broad to cover this omission.
Although plaintiff and her counsel were, at the worst, only negligent, and were not necessarily guilty of a conscious deceit, the improper naming of the wrong lessor in the case has led to a judgment against the wrong party. The enforcement of that judgment would be unconscionable and inequitable.
We set aside the judgment, order a new trial, and remand the case to the trial court for further proceedings. Costs of the first trial, and of this appeal, will be paid by the plaintiff.
DEFAULT JUDGMENT REVERSED; REMANDED.