649 So.2d 474 (1994)
Robert R. CARROLL, et ux., Plaintiffs-Appellees,
v.
INTERNATIONAL PAPER COMPANY, et al., Defendants-Appellants.
No. 94-302.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Writ Denied February 17, 1995.
Opinion Dissenting in Part November 9, 1994.
*475 John Philip Mauffray Jr., Jena, for Robert R. Carroll et ux.
Richard Joseph Wilson, Jena, for Intern. Paper Co., et al.
Donald David McKeithen Jr., Columbia, for Larry Adkins.
Before THIBODEAUX, COOKS and SAUNDERS, JJ.
Opinion of Justice Saunders Dissenting in Part November 9, 1994.
THIBODEAUX, Judge.
Defendant, International Paper Co., appeals the trial court's judgment of $152,063.33 in favor of plaintiffs, Robert and Elaine Carroll, entered after a bench trial where the court determined that International Paper had mistakenly cut fifty acres of timber belonging to the Carrolls. The trial judge awarded treble damages pursuant to La.R.S. 3:4278.1 based on the fair market value of the trees in addition to reforestation costs, loss of growth value, cost of restoration of surface, and attorney fees.
The Carrolls answered the appeal, asking for additional attorney fees for work performed at both the trial and appellate levels and seeking interest on the court costs.
International Paper asserts that La.R.S. 3:4278.1 does not apply and, alternatively, if the statute does apply, then the trial judge miscalculated the award for damages and attorney fees.
For the following reasons, we affirm. Additionally, we award $4,000.00 to the Carrolls as attorney fees in connection with this appeal and interest on court costs, including expert witness fees.

ISSUES
The issues presented for review are:
*476 1) Whether the trial judge correctly found La.R.S. 3:4278.1 applied to International Paper's cutting of the Carrolls' timber.
2) Whether the trial judge's damage award, restoration award, and award of attorney fees was reasonable.
3) Whether attorney fees should be increased.
4) Whether a remand is necessary to determine interest on costs.
From our review of the record, we hold the trial judge was correct in his application of the law. The facts found by the trial judge are reasonable in light of the record, and he properly applied the statute. The trial judge's reasons for judgment are legally sound and logically articulated and we hereby incorporate them into this opinion and adopt them as our own.
The trial judge wrote:
"The plaintiffs, ROBERT R. CARROLL and ELAINE ROBBINS CARROLL, are owners of fifty acres of immovable property located in LaSalle Parish, Louisiana, described as follows:
The Northeast Quarter of the Southwest Quarter and the Southwest Quarter of the Southeast Quarter of the Northeast Quarter of Section 35, Township 11 North, Range 3 East, LaSalle Parish, Louisiana.
They acquired ownership of this property in April of 1986."
"On June 18, 1991, LARRY ADKINS entered into an agreement with INTERNATIONAL PAPER COMPANY wherein ADKINS agreed to cut all merchantable timber, both pine and hardwood, on forty (40) acres of land in Section 36, Township 11 North, Range 3 East, LaSalle Parish, Louisiana. INTERNATIONAL PAPER COMPANY had acquired its rights to the timber from Cavenham Forest Industries Division. This written agreement between ADKINS and INTERNATIONAL PAPER COMPANY does not specify the property location other than to refer to a plat which, itself is vague."
"Jack Harvey, a representative of INTERNATIONAL PAPER COMPANY, attempted to physically locate the property, and in doing so, discovered that where he thought the property was located was already cleared. He then proceeded further into the area and found the marked property lines of the CARROLL property. He also found a metal plate marking the corner of plaintiffs' property and misread the plate, erroneously concluding he was on the Southeast corner of the tract to be harvested. Actually, he was on the Southwest corner of the Cavenham property, which also was the Southeast corner of plaintiffs' property."
"An on site inspection was later performed by ADKINS. At the time of the inspection, ADKINS was accompanied by Harvey who directed ADKINS to the plaintiffs' property. Thereafter, ADKINS began harvesting the timber on the tract to which he had been directed, being the plaintiffs' property."
"At the time of the taking of this timber, the law of Louisiana concerning taking trees without consent was set forth in LSA-R.S. 3:4278.1.
`A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed, plus reasonable attorney's fees.

C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed. However, the provisions of this Section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.
D. If a good faith violator of Subsection A fails to make payment under the requirements *477 of this Section within thirty days after notification and demand by the owner or legal possessor, the violator shall also be responsible for the reasonable attorney fees of the owner or legal possessor.
E. The provisions of this Section shall not apply to the clearing and maintenance of rights of way or to utility service situations where a utility is acting in good faith to minimize the damage or harm occasioned by an act of God. The provisions of this Section shall not apply to land surveying by or under the direction of a registered professional land surveyor, duly registered under the laws of the state of Louisiana.
F. Whoever violates the provisions of Subsection A as they relate to the cutting of standing cypress trees on water bottoms owned by the state of Louisiana shall, in addition to the penalties otherwise provided in this Section, be subject to a fine not to exceed five thousand dollars, imprisonment not to exceed six months, or both.
LRS-R.S. 3:4278.1
(Emphasis Added)'"
"Act 405 of the 1992 Louisiana Legislative Session amended the first three sections of this statute to read as follows:
`A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.

B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney's fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.

. . . . .
LSA-R.S. 3:4278.1(A), (B), and (C)
(Emphasis Added)'
The principal change affecting this litigation is the language added to Paragraph C."
"Generally, one who causes timber to be cut on another's land believing he has a right to do so is not considered to have caused the timber to be cut in bad faith. See Planche v. Ursin, 440 So.2d 781 (La.App. 1st Cir.1983), writ denied 444 So.2d 1225 (La. 1984). In this case, the property that was actually the subject of the contract between ADKINS and INTERNATIONAL PAPER COMPANY was forty (40) acres which belonged to Cavenham Forest Industries Division, a Delaware partnership. By act of sale dated May 15, 1991, Cavenham sold all merchantable timber on certain property located in Winn and Jackson Parish to INTERNATIONAL PAPER COMPANY. The original transfer document included 115 acres in Jackson Parish, and 120 acres in Winn Parish. An amendment to that contract was entered into between Cavenham and INTERNATIONAL PAPER COMPANY in late June of 1991 wherein 535 additional acres in Winn Parish and 1,440 acres in LaSalle Parish were added. Included within the LaSalle Parish addition was forty (40) acres located in Section 36, Township 11 North, Range 3 East. A hand drawn plate was attached to this amendment which seems to locate the forty (40) acres in question in the Northwest Quarter of the Southwest Quarter of Section 36, Township 11 North, Range 3 East. This very minimal description was used in the contract entered into as between ADKINS and INTERNATIONAL PAPER COMPANY. It is clear that INTERNATIONAL PAPER COMPANY has unlawfully cut, destroyed, and removed trees from the plaintiffs' land without their consent in violation of LSA-R.S. 3:4278.1. The *478 only question before the court is the amount of damages recoverable."
"LSA-R.S. 3:4278.1(B) provides a remedy for the landowner when the unauthorized cutting is in bad faith. However, in this case the record is void of any evidence of willful or intentional removal of trees, but rather the cutting was caused by a mistake on the part of INTERNATIONAL PAPER COMPANY. Therefore, the applicable provision in determining damages in LSA-R.S. 3:4278.1(C)."
"The defendant contends the enactment of LSA-R.S. 3:4278.1 in 1974 did not change the prior judicial evaluation of moral bad faith, legal bad faith, and good faith in evaluating the "state of mind" of the one taking timber. See Morgan v. Fuller, 441 So.2d 290 (La. App. 2d Cir.1983), Dowden v. Security Insurance Company, 471 So.2d 1165 (La.App. 3rd Cir.1985), and Shaffett v. Vicks, 385 So.2d 419 (La.App. 1st Cir.1980)."
"Still, the legislature did create a remedy which changed the evaluation process. When the cutting and removing of timber occurs across marked boundary lines or outside of designated cutting area lines, the owner is entitled to three times the fair market value of the timber lost. Act 402 simply added the provision that the good faith taker would be liable for treble damages only "... if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees." See LSA-R.S. 3:4278.1(C)."
"In this case, the taking did occur across marked boundary lines and outside the designated cutting area. The contention of mistake by INTERNATIONAL PAPER COMPANY does not change that fact. Additionally, the record is clear that the circumstances surrounding the actions of INTERNATIONAL PAPER COMPANY are such that it should have been aware it was on the wrong property. Therefore, whether one considers the language of the statute as it read in 1991, or as it reads today, the result is the sameLSA-R.S. 3:4278.1(C) is applicable."
"It is incumbent upon the professionals in the timber industry to take the necessary steps to assure proper location in conjunction with cutting activities. INTERNATIONAL PAPER COMPANY has access to timber cruisers, surveyors, and other personnel whose obligation to the company and the public is to see that the right tract is cut. A mistake of this magnitude is exactly what the statute contemplated when it provided for treble damages."
"The defendant argues that plaintiffs' loss is stumpage value. Such a calculation does not compensate the plaintiffs for their loss. Not only have they lost the standing timber, but they have lost their right to determine the timing and conditions of sale of their own property. Given the current value of standing timber, this is a substantial loss. Additionally, they have lost the opportunity to enjoy their property in its prior state, and that loss cannot be replaced in the near future. Although INTERNATIONAL PAPER COMPANY was not in bad faith, a mistake of this magnitude requires the application of treble damages. Based upon the evidence presented, the market value of the timber taken is $38,988.11."
"Therefore, the court finds reasonable damages to be as follows:

Three Times Market Value of Timber $ 116,964.33
Reforestation Costs $ 9,500.00
Loss of Growth Value $ 3,700.00
Cost of Restoration of Surface $ 21,899.00
Attorney Fees $ 7,500.00
 ____________
 TOTAL $ 159,563.33"

"Defendant is taxed with all cost and judgment to this effect will be signed upon appropriate presentation."
We decline to increase attorney fees for work at the trial level. A trial court has much discretion in determining the reasonableness of attorney fees. Sharbono v. H & S Construction Co., 478 So.2d 779 (La.App. 3d Cir.1985). That discretion was not abused in the award given to the Carrolls. However, the Carrolls are entitled to a judgment of attorney fees for the appeal. We find $4,000.00 to be a reasonable amount in light of the effort, evidenced by the record, put forth by the Carrolls' counsel in preparing the case. He thoroughly and thoughtfully analyzed the factual circumstances and legal issues involved and vigorously and competently *479 represented the interests of the Carrolls during the entire appellate process.
Remand for determination of interest on costs is not necessary. The Carrolls are entitled to interest on their award for costs, including expert witness fees, taxed as court costs from the date of judgment fixing such fees. Cajun Elec. v. Owens-Corning Fiberglass, 616 So.2d 645 (La.1993).

DECREE
For the reasons discussed above, the judgment of the trial court is affirmed and amended to include interest on court costs, including expert witness fees, from the date of judgment fixing such costs and fees.
We also award the Carrolls an additional $4,000.00 as attorney fees for work performed by their counsel on appeal.
Costs of the appeal are assessed to appellant, International Paper Company.
AMENDED AND, AS AMENDED, AFFIRMED.
SAUNDERS, Judge, dissenting in part.
I would award treble damages based upon stumpage value which appears to me to be the "fair market value" of standing timber.
In all other respects, I agree with the majority.