|,THIBODEAUX, Judge.
Defendant Guillory Timber Company, Inc. (hereinafter “Guillory Timber”) seeks reversal of a default judgment awarding $ 9,178.50 with legal interest and attorney fees of $500 to Louisiana Pacific Corporation (hereinafter “Louisiana Pacific”). The trial court found Guillory Timber liable for the wrongful removal of timber from property owned by Louisiana Pacific and awarded Louisiana Pacific treble damages for the lost timber and reasonable attorney fees. We affirm.
[[Image here]]

ISSUE

We shall decide whether the trial court erroneously entered a judgment of default against Guillory Timber for the wrongful removal of timber from property owned by Louisiana Pacific.
II.

FACTS

On December 23, 1998, Louisiana Pacific filed suit against Carla Hyatt, Clyde Clark and Guillory Timber seeking damages for the alleged wrongful removal of timber from land leased by Ms. Hyatt from Louisiana Pacific. Service was made on all Defendants on January 7-8, 1999. Guillo-ry Timber was served through its president and registered agent, Mark Guillory. Ms. Hyatt and Mr. Clark answered the petition.
A preliminary default was entered against Guillory Timber on February 17, 1999. A confirmation of default was entered on May 20, 1999. At the confirmation hearing, Louisiana Pacific called John Drake, a District Forester for Louisiana Pacific, to testify regarding the value of the cut timber. Louisiana Pacific introduced a lease agreement as evidence that it leased the property to Carla Hyatt. The lease indicates that Ronnie and Carla Hyatt leased certain property in Calcasieu Parish from Kirby Forest Industries, Inc. (hereinafter “Kirby Forest”). The lease provided for twelve months rental from September 1, 1986 for $1.00 per year. In consideration of the permission to occupy the land, the Hyatts executed a “release and quitclaim” to such land to the lessor and its successors. As a result of a subsequent merger, Kirby Forest is owned and managed by Louisiana Pacific.
Mr. Drake testified that he investigated the January 1998 cutting of timber from the leased land. He indicated that his investigation led him to contact Mark laGuillory of the Guillory Timber Company. Mr. Drake stated that Mr. Guillory was apparently unaware of the timber cutting until Mr. Drake notified him. He said that Mr. Guillory conceded that Mr. Guillory’s subcontractor, Clyde Clark, cut the timber on the leased property and promised to arrange payment for the loss by withholding the amount from Mr. Clark’s paycheck. After his qualification as an expert in forestry, Mr. Drake testified that the value of the twenty-four pine trees removed from Louisiana Pacific’s property in Calcasieu Parish was $3,059.50. This testimony was uncontradicted.
The trial court found that the evidence was sufficient to establish the wrongful taking of the timber and granted treble damages in the amount of $ 9,178.50 to Louisiana Pacific. The trial court also fixed attorney fees at $500. The Judgment was signed on June 14, 1999 and mailed to all Defendants on June 16, 1999. Guillory Timber brought this appeal.
III.

LAW AND DISCUSSION

A default judgment may be entered against a defendant who fails to answer within the prescribed time. La.Code Civ.P. art. 1701(A). The judgment, which consists of an entry in the minutes, may be obtained by oral motion in open court or by written motion mailed to the court. Id. If no answer is filed, the default judgment may be confirmed two days after the entry of the judgment of default. La.Code *297 Civ.P. art. 1702(A). The confirmation requires proof of the demand sufficient to establish a prima facie case. Id. When the demand is based on a delictual obligation, the testimony of the plaintiff with corroborating evidence, including attached affidavits and exhibits containing facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of the demand. La.Code Civ.P. |4art. 1702(B)(2). The court may require oral testimony before entering judgment. Id. The judgment by default shall be in kind with that demanded in the petition and damages awarded shall be the amount proven to be properly due as the remedy. La.Code Civ.P. art. 1703.
The Louisiana Supreme Court discussed the requirements for attaining a judgment of default in Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993):
In order for a plaintiff to obtain a default judgment, “he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962). “In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.” Thibodeaux, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972); see also Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789, 790 (1953).
The record shows that Guillory Timber was properly served with the petition but failed to answer within the fifteen day period allowed under La. Code Civ.P. art. 1001. After a confirmation hearing, the trial court determined that there was sufficient evidence to grant a judgment of default against Guillory Timber. We find no error in this procedure, nor do we find that the evidence was insufficient to warrant entry of a judgment.
Guillory Timber argues that there was insufficient evidence in the trial court to find that Clyde Clark was an employee of Guillory Timber or that Guillory Timber should be vicariously liable for Mr. Clark’s actions.
| .^‘Masters and employers are answerable for the damage caused by their servants in the exercise of the functions in which they are employed.” Ermert v. Hartford Ins. Co., 559 So.2d 467, 475 (La.1990); La.Civ.Code art. 2320. The trial court relied on the testimony of Mr. Drake in finding an employer-employee relationship between Mr. Clark and Guillory Timber. Mr. Drake testified that he had spoken with Mr. Guillory regarding Mr. Clark’s cutting timber from certain Louisiana Pacific property and that, at that time, Mr. Guillory agreed to withhold the amount necessary to compensate Louisiana Pacific from Mr. Clark’s salary. This uncontradicted evidence is sufficient to infer that Mr. Clark was an employee of Guillory Timber and supports a finding of vicarious liability.
Next, Guillory Timber asserts that the trial court improperly assessed a value assigned to the trees by an employee of the Plaintiff rather than assessing the timber at $1,631.20, the amount that was paid to Carla Hyatt for the trees. Our review of the record shows that the trial court relied upon the testimony of the only witness, Mr. Drake, who was qualified as an expert in forestry. The amount urged by Guillory Timber was not in evidence before the court; rather, it is the amount *298 that Mr. Clark stated in his answer, that he paid to Ms. Hyatt. An allegation asserted in an answer to a petition is not proof of that allegation. We find that the record contains sufficient evidence for the trial court to value the timber at $3,059.50. See Isdale v. Carman, 96-1435 (La.App. 3 Cir. 4/2/97); 692 So.2d 687.
Guillory Timber also contests the trial court’s award of treble damages under La.R.S. 3:4278.1.[1]
| ¿This Court discussed the purpose of the treble damages statute at length in Carroll v. International Paper Co., 94-302, p. 7 (La.App. 3 Cir. 11/2/94); 649 So.2d 474, 478, writ denied, 94-2924 (La.2/17/95); 650 So.2d 259, where adopting the reasoning of the trial court we noted:
It is incumbent upon the professionals in the timber industry to take the necessary steps to assure proper location in conjunction with cutting activities. INTERNATIONAL PAPER COMPANY has access to timber cruisers, surveyors, and other personnel whose obligation to the company and the public is to see that the right tract is cut. A mistake of this magnitude is exactly what the statute contemplated when it provided for treble damages.
We find that La.R.S. 3:4278.1 is applicable to the facts in this case; therefore, the trial court’s award of treble damages was proper.
Finally, we will not consider the affidavits submitted by Guillory Timber on appeal. Cf. Andrus v. Chrysler Financial Corp., 99-105 (La.App. 3 Cir. 6/2/99); 741 So.2d 780.
IV.

CONCLUSION

Accordingly, we find that the trial court properly determined that Guillory Timber was liable to Louisiana Pacific for the wrongful removal of the timber. We affirm. Costs of this appeal are assessed to the Defendant-Appellant, Guillory Timber.
AFFIRMED.
AMY, J., dissents.

. La.R.S. 3:4278.1 provides, in part:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney’s fees.