STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-887


MARIAN BOWMAN

VERSUS

GARY SMITH, INDIVIDUALLY AND/OR
D/B/A AAA CONSTRUCTION AND
MICHAEL HOWARD


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-2177
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE
************

JAMES T. GENOVESE
JUDGE

************

Court composed Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.


David A. Fraser
Pamela L. Courtney
Fraser, Morris & Wheeler, L.L.P.
4350 Nelson Road
Post Office Box 4886
Lake Charles, Louisiana 70606-4886
(337) 478-8595
COUNSEL FOR PLAINTIFF/APPELLEE:
    Marian Bowman

**Michael R. Garber**
**1801 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 494-5500**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Michael Howard**

**GENOVESE, JUDGE.**

In this suit for damages resulting from a contract of repair, Defendant, Michael Howard (Howard), appeals the trial court's grant of a default judgment in favor of Plaintiff, Marian Bowman (Bowman). Howard also appeals the trial court's denial of his motion for new trial. For the following reasons, we affirm.

## FACTS

In January 2006, Bowman entered into a contract with Howard, Gary Smith (Smith), and/or Gary Smith d/b/a AAA Smith Construction (Smith Construction) for the repair and remodeling of her home subsequent to damages inflicted by Hurricane Rita. When Bowman became dissatisfied with the work being performed, she terminated the contract.

On May 8, 2006, Bowman filed suit against Howard, Smith, and Smith Construction, alleging that she contracted with "GARY SMITH individually and/or GARY SMITH d/b/a AAA SMITH CONSTRUCTION and MICHAEL HOWARD" to have repairs made to her home. Bowman further alleged that "HOWARD acted in partnership or as agent for GARY SMITH and/or GARY SMITH d/b/a AAA SMITH CONSTRUCTION." According to Bowman, the parties agreed that the repairs to her home were to be performed for $44,950.00 and that, on January 31, 2006, she made a down payment of $15,000.00, tendering a check in the amount thereof made payable to both Howard and Smith Construction.

Howard was personally served with the petition on May 11, 2006. On June 1, 2006, a preliminary default was taken against him, and on July 13, 2006, a default judgment was entered against Howard.

Gary Smith and Smith Construction were served via long arm statute, La.R.S.

1

13:3204, on June 9, 2006. On July 13, 2006, a preliminary default was taken against Smith and Smith Construction. On August 2, 2006, the affidavit of long arm service was filed into the record.

On September 22, 2006, Bowman obtained a default judgment against all of the named defendants for $15,000.00. On September 29, 2006, Howard filed a motion for new trial which was heard by the trial court on December 6, 2006. The trial court entered and signed a judgment denying the motion for new trial on March 30, 2007. Howard appeals.

## ISSUES

Howard asserts that the trial court erred in granting a default judgment against him on the grounds that the evidence presented by Bowman was insufficient to prove a partnership between him and Smith. Additionally, Howard asserts that the trial court erred in denying his motion for new trial.

## LAW AND DISCUSSION

### Default Judgment

> A default judgment may be entered against a defendant who fails to answer within the prescribed time. La.Code Civ.P. art. 1701(A). The judgment, which consists of an entry in the minutes, may be obtained by oral motion in open court or by written motion mailed to the court. *Id*. If no answer is filed, the default judgment may be confirmed two days after the entry of the judgment of default. La.Code Civ.P. art. 1702(A). The confirmation requires proof of the demand sufficient to establish a prima facie case. *Id*.

*Louisiana Pacific Corp. v. Hyatt*, 99-1420, p. 3 (La.App. 3 Cir. 3/1/00), 758 So.2d 295, 296-97.

In the instant matter, the procedural manner in which Bowman obtained the judgment of default is not at issue. Rather, the issue presented by Howard is whether sufficient evidence was introduced to establish a prima facie case against him. The

trial court's determination that Bowman presented sufficient evidence is a factual determination governed by the manifest error rule. *Louisiana Farm Bureau Mut. Ins. Co. v. Groundlink, Inc.*, 03-947, (La.App. 3 Cir. 2/4/04), 871 So.2d 359. "The manifest error standard of review obligates appellate courts to give great deference to the trial court's findings of fact. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). We will not reverse factual determinations, absent a finding of manifest error. *Id.*" *Id.* at 362.

In his appellate brief, Howard asserts that the only actions taken by him were recommending Smith to Bowman for the performance of the work and accepting Bowman's check for $15,000.00 on Smith's behalf. According to Howard, neither of these actions are proof of a partnership between him and Smith. Consequently, Howard concludes that Bowman "failed to establish a legal basis for [his] liability." We disagree.

The evidence introduced by Bowman in support of her motion for default judgment included an affidavit of Bowman, an affidavit of Kenneth B. Boudreaux, photographs of the home, the contract, and the endorsed check. Pertinent to the issue before this court is the evidence relative to the imposition of liability.

Although consistently throughout her affidavit Bowman references Howard, Smith, and Smith Construction, her affidavit establishes that she "met with [Howard] to discuss the construction repair work." She attests that she "agreed to contract with [Howard] . . . to perform the needed repairs to [her] home." Additionally, Bowman's affidavit states that she "entered into a contract with . . . [Howard,]" and that the cost of the repairs was $44,950.00. Moreover, Bowman asserts that she "dealt with" and "tendered a financial down payment" for $15,000.00 to Howard "at his request and

3

direction." It is also noteworthy that Bowman's check was made payable to both Howard and Smith Construction.

The contract itself is further evidence of Howard's actions. The contract, which is signed by Bowman, identifies the work to be performed and contains the notation that she is to "call Mike" at the phone number indicated thereon. Also pertinent is the evidence surrounding the manner of payment by Bowman of the $15,000.00. The check was given by Bowman to Howard. Howard was a named payee on the check. Additionally, it was Howard who provided Bowman with a hand-written receipt which was signed by him and contained his contact information. Finally, the check was actually endorsed by Howard.

Regardless of the business relationship between Smith, Smith Construction, and Howard, the evidence introduced by Bowman is sufficient to establish a prima facie case against Howard individually. The evidence established the relationship between Bowman and Howard, beginning with the initial stages and continuing through the performance of the work. Howard was personally involved in the discussions of the work to be done, in documenting and confirming same, in the arrangements for payment, in the acceptance of payment, and in the endorsement of the check. Based on the foregoing, we conclude that the trial court was not manifestly erroneous in finding that Bowman presented sufficient evidence to confirm the default judgment against Howard individually. Accordingly, the judgment of the trial court is affirmed.

### Motion For New Trial

Howard also assigns as error the trial court's denial of his motion for new trial. Howard asserts that the judgment is clearly contrary to the law and evidence;

consequently, a new trial is mandated by La.Code Civ. P. art. 1972.[1] The motion for new trial also alleges that a new trial is warranted on discretionary grounds which, although not cited by Howard, is governed by the provisions of La.Code Civ.P. art. 1973.[2] "In both instances, the trial court is accorded vast discretion in deciding whether to grant the motion [for new trial]; its decision whether to do so is reviewed pursuant to the abuse of discretion standard of review." *Laurence v. Laurence*, 07-11, p. 9 (La.App. 3 Cir. 5/30/07), 957 So.2d 931, *writ denied*, 07-1322 (La. 7/5/07), 959 So.2d 891 (citing *Davis v. Coregis Ins. Co.*, 00-475 (La.App. 3 Cir. 12/27/00), 789 So.2d 7, *writ denied*, 01-0292 (La. 3/30/01), 788 So.2d 1192).

Howard asserts on appeal that Bowman's failure to establish that he and Smith were partners was fatal to her case. He concludes, therefore, that the judgment of the trial court was contrary to the law and evidence and that La.Code Civ.P. art. 1972 mandates the granting of a new trial. For the reasons discussed above, we find that the evidence was sufficient to establish a prima facie case against Howard. Consequently, we find this contention to be without merit.

---

[1]Louisiana Code of Civil Procedure Article 1972 provides as follows:

A new trial shall be granted, upon contradictory motion of any party, in the following cases:

(1) When the verdict or judgment appears clearly contrary to the law and the evidence.

(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

[2]Louisiana Code of Civil Procedure Article 1973 provides that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."

5

In the alternative, Howard contends that he is entitled to a new trial on discretionary grounds due to Smith's fraud or ill practices. Howard asserts in brief that, after Bowman filed the instant litigation, Smith retained counsel to represent both him and Howard. He further asserts that counsel for the parties met and attempted to amicably resolve the matter. According to Howard, when settlement negotiations failed, Smith told him that he would "take care of it" and "was handling it." Thus, Howard contends that he was led by Smith to believe that he was being represented by counsel and that it was not until he received notice of the judgment that he learned otherwise. Howard concludes that the trial court should have granted him "a new trial on discretionary grounds, because of Smith's fraud or ill practice of deceiving him into believing he was represented by counsel."

In support of his assertion herein, Howard relies on *Thomas v. Calhoun Properties, Inc.*, 576 So.2d 1172, 1174 (La.App. 3 Cir.), *writ denied*, 578 So.2d 934 (La.1991), wherein this court reasoned as follows:

> It is well established that a default judgment will be set aside if it was obtained by "fraud or ill practices." *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983). "Fraud or ill practice" is language sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. *Firmature v. Tommasi*, 533 So.2d 1326 (La.App. 3d Cir.1988).

Howard's reliance on *Thomas* is misplaced. *Thomas* is clearly distinguishable from the facts presently before this court. In *Thomas*, a witness's testimony as to the identity of a lessor who was cast in judgment was incorrect. Consequently, judgment was rendered "against a party who was not the lessor." *Id*.

When considering whether discretionary grounds existed for the granting of a

6

motion for new trial, this court opined that "had the trial judge been apprised of the correct facts, the judgment could not have been rendered against the defendant." *Id.* The plaintiff in *Thomas* "had access to other sources for obtaining the correct identity of the lessor[,]" and the plaintiff's "[f]ailure to investigate and obtain the identity of the lessor was an omission which led to the filing of suit against the wrong party." Based upon these facts, we concluded that "the definition of 'ill practice' is sufficiently broad to cover this omission." *Id.* Unlike *Thomas*, the facts in the instant case do not involve the naming of a wrong party, nor the presentation of incorrect testimony as to the identity of a party to the trial court.

In the case at bar, Howard was personally served with the petition. He failed to take any action to protect his interest in the lawsuit, and judgment was ultimately rendered against him. His mistaken belief that he was being represented by counsel does not constitute fraud or ill practice by Bowman. Therefore, we find that the trial court did not abuse its discretion in denying Howard's motion for new trial.

## DECREE

For the foregoing reasons, the judgment of the trial court in favor of Marian Bowman and against Michael Howard is affirmed.

Costs of this appeal are assessed against Michael Howard.

**AFFIRMED.**